IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN ZIRKLE and GREEN KING,**
**INC. d/b/a Subway**,

              Plaintiffs,

v.                             //    CIVIL ACTION NO. 1:15CV82
                                            (Judge Keeley)

**VALLEY FORGE INSURANCE COMPANY,**
**CONTINENTAL CASUALTY COMPANY,**
**ENGLE MARTIN AND ASSOCIATES, INC.,**
**and THE HILL CORPORATION**,

              Defendants.


                   **MEMORANDUM OPINION AND ORDER**

    Pending before the Court is the motion to remand filed by the plaintiffs, John Zirkle ("Zirkle") and Green King, Inc. ("Green King") (collectively, the "Insureds"). In addition, the two defendant insurance carriers, Valley Forge Insurance Company ("Valley Forge") and Continental Casualty Company ("Continental") (collectively, the "Insurers"), have moved to dismiss or sever Counts I, VIII, and IX, and also have moved to bifurcate and stay any claims for extra-contractual damages pending the resolution of the negligence and breach of contract claims. For the reasons that follow, the Court **GRANTS** the motion to remand, and **REMANDS** this case to the Circuit Court of Harrison County, West Virginia.[1]

---

[1] Because the Court lacks subject matter jurisdiction, it may not rule on the other pending motions. See Marchese v. JPMorgan Chase Bank, N.A., 917 F. Supp. 2d 452, 459 (D. Md. 2013) ("If an order to remand is entered, all remaining pending motions are moot.") (citing In re Lowe, 102 F.3d 731, 736 (4th Cir. 1996)).

**ZIRKLE, ET AL. v. VALLEY FORGE INS. CO., ET AL.**            **1:15CV82**

**MEMORANDUM OPINION AND ORDER**

## I. BACKGROUND

One of the four named defendants, The Hill Corporation ("Hill"), owned a building complex located on Johnson Avenue in Bridgeport, West Virginia (the "Johnson Complex"). Several local businesses operated stores within the Johnson Complex, one of which was a Subway restaurant owned by Green King.

Continental is an insurance carrier that sells policies through its wholly-owned subsidiary, Valley Forge. Codefendant Engle Martin and Associates, Inc. ("Engle Martin") provided third-party adjusting services to the Insurers.

In 2008, the Insureds purchased property and liability insurance policies from the Insurers. The policies renewed automatically, and there is no dispute that they were in effect at all relevant times in this case. The instant dispute involves two separate losses -- one from theft, the other from fire.

In December 2011, one of the Insureds' employees at its Subway location in Clarksburg, West Virginia, knew that Zirkle was not present at the Johnson Complex restaurant. As a consequence, the employee entered that restaurant and stole $3760 in cash. The Insureds allege that they reported the claim to the Insurers in a timely manner, but that the Insurers never paid the benefits owed.

More than a year after the theft, on April 17, 2013, a fire ripped through the Johnson Complex, destroying the Insureds'

restaurant and most of its contents, and rendering the remainder of the building unusable. The fire allegedly began in the electric signage for the Johnson Complex and then spread throughout the common attic area. According to the Insureds, it was Hill's failure to erect fire walls that caused the fire to spread.

On April 18, 2013, the day after the fire, the Insureds notified the Insurers of the loss. Over the course of the next two years, the Insureds, the Insurers, and Engle Martin corresponded about the claim on numerous occasions; although the Insurers paid certain amounts for property coverage, the Insureds contend that they are still owed significant sums up to the policy limits.

On April 13, 2015, the Insureds filed a complaint in the Circuit Court of Harrison County, West Virginia, against the Insurers, Engle Martin, and Hill, in which they asserted the following nine counts:

- Count I – The Insureds allege that Hill acted negligently by failing to "ensur[e] that fire walls separated the separate suites within the Johnson Avenue Complex." (Dkt. No. 1-1 at 21).
- Count II – The Insureds allege breach of contract against Valley Forge relating to the fire loss.
- Count III – The Insureds allege common law bad faith against Valley Forge relating to the fire loss.

3

- Count IV - The Insureds allege damages under <u>Hayseeds, Inc. v. State Farm Fire & Cas.</u>, 352 S.E.2d 73 (W. Va. 1986), against Valley Forge relating to the fire loss.

- Count V - The Insureds allege that Valley Forge violated the West Virginia Unfair Trade Practices Act ("UTPA"), W. Va. Code § 33-11-1, <u>et seq.</u>, in relation to the fire loss.

- Count VI - The Insureds allege that Continental violated the UTPA in relation to the fire loss.

- Count VII - The Insureds allege that Engle Martin violated the UTPA in relation to the fire loss.

- Count VIII - The Insureds allege breach of contract against Valley Forge relating to the theft loss.

- Count IX - The Insureds allege <u>Hayseeds</u> damages against Valley Forge relating to the theft loss.

On May 15, 2015, invoking diversity jurisdiction, the defendants removed the Insureds' complaint to this Court. Plaintiffs Zirkle and Green King are both West Virginia citizens, and, according to the defendants, "Valley Forge, [Continental], and Engle Martin [] are citizens of states other than West Virginia." (Dkt. No. 14 at 1). The rub, however, lies with Hill, which is a West Virginia citizen for diversity purposes. In their removal papers, the Insurers urge the Court to disregard Hill's West

4

Virginia citizenship for jurisdictional purposes because the Insureds fraudulently misjoined it.

On June 11, 2015, the Insureds moved to remand the case, contending they had not fraudulently misjoined Hill, and that complete diversity therefore is lacking. The Insurers then reiterated their argument concerning fraudulent misjoinder, and also contended that the Insureds' negligence claim against Hill cannot be split from a related subrogation action filed by Valley Forge in state court.[2] The motion to remand is fully briefed and ripe for review.

## II. DISCUSSION

Under § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Normally, "diversity jurisdiction does not exist unless <u>each</u> defendant is a citizen of a different State from <u>each</u> plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original). Here, because Hill and the Insureds are West Virginia citizens, complete diversity does not exist. The

---

[2] To a lesser degree, the parties also dispute whether the requisite amount in controversy is sufficiently alleged. Because complete diversity is lacking, the Court need not address that issue.

Insurers, however, contend that, because Hill was fraudulently misjoined as a defendant, the single claim naming Hill, Count I, should be severed and dismissed.

Like the more common doctrine of fraudulent joinder, fraudulent -- or procedural -- misjoinder provides an exception to the complete diversity rule; otherwise, the concepts are distinct. Fraudulent joinder requires a removing defendant to demonstrate "outright fraud in the plaintiff's pleading of jurisdictional facts or that there is <u>no possibility</u> that the plaintiff would be able to establish a cause of action against the in-state defendant." <u>Johnson v. Am. Towers, LLC</u>, 781 F.3d 693, 704 (4th Cir. 2015) (internal quotation marks and citation omitted) (emphasis in original). Fraudulent misjoinder, by contrast, is "an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal." <u>Wyatt v. Charleston Area Med. Ctr., Inc.</u>, 651 F. Supp. 2d 492, 496 (S.D.W. Va. 2009) (citation omitted).

Notably, the Fourth Circuit falls within the majority of circuit courts that have not yet recognized the relatively new

doctrine of fraudulent misjoinder.[3]  Despite the lack of direction from the Fourth Circuit, this Court previously has applied the doctrine of fraudulent misjoinder in a case similar to this one. See Woulard v. Rogers, No. 1:12CV65, 2012 WL 1956057 (N.D.W. Va. May 30, 2012) (Keeley, J.).

Woulard involved tenants who sued their landlord under theories of warranty and negligence after suffering injuries from carbon monoxide in their apartment. Id. at *1. Subsequently, they added declaratory judgment claims against the landlord's insurance carrier. Id. The carrier removed the action on the basis of diversity jurisdiction, even though the landlord and tenants were all West Virginia citizens, and moved to bifurcate the claims against the landlord. Id. The tenants sought to remand the case to the state court. Id.

As here, the issue of fraudulent misjoinder was central to the outcome. Id. Ultimately, this Court concluded that "Erie has

---

[3] Indeed, only the Eleventh Circuit has expressly sanctioned its application. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated in part on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076-77 (11th Cir. 2000). And although the issue has arisen in other circuits, those courts have always maneuvered around it. See, e.g., Lafalier v. State Farm Fire & Cas. Co., 391 F. App'x 732, 739 ("There may be many good reasons to adopt procedural misjoinder, as the Insurers argue. But we need not decide that issue today . . . ."); In re Bejamin Moore & Co., 318 F.3d 626, 630-31 (5th Cir. 2002) ("Thus, without detracting from the force of the Tapscott principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction, we do not reach its application in this case.").

simply failed to carry its burden of establishing that it cannot be joined in the same lawsuit as the [landlord]," and that "complete diversity is thus absent on the face of the complaint." Id. at *3.

Woulard observed that the concept of misjoinder requires nothing more than an analysis of permissive joinder pursuant to Fed. R. Civ. P. 20(a)(2). Id. at *2. Under that rule, defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Moreover, under West Virginia law, "[it] is clear that an injured plaintiff may bring a declaratory judgment action against the defendants' insurance carrier 'in the original personal injury suit rather than by way of separate action.'" Woulard, 2012 WL 1956057 at *2 (quoting State ex rel. Piper v. Sanders, 724 S.E.2d 763, 2012 WL 987413, at *3 (W. Va. Mar. 23, 2012) (per curiam)). Further, "[o]ther district courts in this circuit have found that a plaintiff's insurer may be properly joined with the alleged tortfeasor when the lawsuit alleges the tortfeasor caused harm allegedly covered under the policy." Id. (citing John S. Clark Co.

8

v. Travelers Indem. Co. of Illinois, 359 F. Supp. 2d 429 (M.D.N.C. 2004); Hanna v. Gravett, 262 F. Supp. 2d 643, 647 (E.D. Va. 2003))

In John S. Clark, Clark, a contractor, had obtained a commercial general liability insurance policy through Travelers, which provided coverage for "property damage arising from work performed by subcontractors . . . as well as coverage for costs that Plaintiff might incur to repair or replace defective work . . . ." John S. Clark, 359 F. Supp. 2d at 432. As a result of "errors, omissions, and deficiencies" in the work of Clark's masonry subcontractor, a portion of the construction project collapsed. Id. After correcting the subcontractor's work and completing the project, Clark sued in state court, alleging claims for breach of contract and negligence against the subcontractor, and claims for breach of contract, bad faith, and unfair trade practices against Travelers. Id. at 432-33.

Travelers removed the case on the basis of diversity jurisdiction, and Clark moved to remand based on the lack of complete diversity between Travelers and the subcontractor. Id. at 433. Travelers urged the trial court to dismiss the claims against the subcontractor and to disregard its citizenship for jurisdictional purposes because the claims were "misjoined" under Rule 20(a)(2). Id. at 433, 435.

In addressing the issue of fraudulent misjoinder, the district court stated that, "[e]ven assuming that the Fourth Circuit would recognize procedural misjoinder as a form of fraudulent joinder, the record shows that [Clark] has properly joined the [subcontractor] in this civil action according to the conditions for permissive joinder set forth in Federal Rule of Civil Procedure 20(a)." Id. at 436. It then analyzed the issue under the two prongs of Rule 20(a)(2). Id. at 438-40. Under the first prong, Clark's breach of contract claim against Travelers was "logically related" to Clark's claims against the subcontractor because "[Clark] seeks coverage under the CGL Policies for the losses that [Clark] allegedly incurred because of the [subcontractor's] improper or defective work." Id. at 438. As to the second prong, the claims against the two defendants shared factual questions relating to causation and damages. Id. at 439-40.

Here, the Insurers attempt to distinguish the reasoning of Woulard and John S. Clark through reliance on another case from this district, Hughes v. Sears, Roebuck & Co., No. 2:09CV93, 2009 WL 2877424 (N.D.W. Va. Sept. 3, 2009) (Bailey, J.). In Hughes, the court concluded that a woman's product liability claims against a manufacturer and a retailer, as well as her medical malpractice claim against a doctor, were separate occurrences within the

10

meaning of Rule 20(a)(2), and that the claims did not share any common questions of fact. Id. at *6-7.

In contrast to the claims in Hughes, this case does not involve separate personal injury claims, but rather a negligence claim against an alleged tortfeasor and a breach of insurance contract claim against the carrier purportedly obligated to cover the property damage resulting from the alleged negligence. As the district court in John S. Clark found, these claims are "logically related," and thus "arise out of the same series of transactions or occurrences." 359 F. Supp. 2d at 438.

With regard to the second prong of Rule 20(a)(2), the Insureds' negligence claim against Hill and their breach of contract claim against Valley Forge clearly share the common question of the amount of damages sustained. Although the Insurers concede that the Insureds' negligence claim bears a "potential factual commonality with the remaining fire claims," they rely on Hughes for the proposition that "this factual issue is insufficient to support joinder under Rule 20." (Dkt. No. 14 at 12). That reliance is misplaced.

The plaintiffs in Hughes contended that their claims shared a factual question as to damages, which the court found did not exist. 2009 WL 2877424 at *6 ("Plaintiff argues the determination and apportionment of damages caused from the fall and alleged

misdiagnosis present questions of law and fact common to all the defendants. This Court disagrees."). Thus, the notion that Hughes somehow required more than commonality of damages to satisfy Rule 20(a)(2) is unfounded. In point of fact, other district courts have concluded that the single issue of damages is sufficient to satisfy Rule 20(a)(2)'s second prong. See, e.g., Wyatt, 651 F. Supp. 2d at 498 ("I FIND that there will be at least one common question of law or fact between the claims against the Medical Defendants and the claims against Medtronic. Notably, the plaintiffs are seeking to recover for the same damages from all defendants.").[4]

### III. CONCLUSION

Even under the doctrine of fraudulent misjoinder, Hill is a properly joined party to this action. Therefore, because the Insureds and Hill share West Virginia citizenship, complete diversity does not exist, and this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a).

In conclusion, the Court (1) **GRANTS** the motion to remand, (2) **REMANDS** this case to the Circuit Court of Harrison County, West

---

[4] Although the Insurers also raise an issue concerning subrogation, that issue does not provide an exception to the requirement of complete diversity. Therefore, having concluded that subject matter jurisdiction is lacking, the Court will not address the subrogation argument.

**ZIRKLE, ET AL. v. VALLEY FORGE INS. CO., ET AL.          1:15CV82**

**MEMORANDUM OPINION AND ORDER**

Virginia, and (3) **CANCELS** the scheduling conference currently set for August 11, 2015.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record and to the Clerk of the Circuit Court of Harrison County, West Virginia.

DATED: August 10, 2015.

                                             /s/ Irene M. Keeley
                                             IRENE M. KEELEY
                                             UNITED STATES DISTRICT JUDGE